The next case is the people of the state of Illinois v. UT Greenwood. We have Mr. Burke for the appellant and we have Ms. Adkins for the appellant. Are you ready to proceed? You may proceed Mr. Burke. I'm Robert Burke with the Office of the State Appellate Defender. I represent the defendant, Eugene Greenwood. We're asking this court to remand this case for further proceedings on his motion to reconsider sentence. The case presents a question about Supreme Court Rule 401A, which is about the waiver of counsel, and Supreme Court Rule 604D, which is about appointment of counsel. I want to address Supreme Court Rule 604D first. I think that really it's dispositive of this case. Supreme Court Rule 604D is strictly construed against everyone, before everyone, however you want to phrase it. There are certain requirements that a defendant has to meet under 604D. The defendant has to file a motion in writing and include every claim in the motion in writing. Any claim not included is waived. The motion must be filed within 30 days. These are things that are strictly construed against defendants. And then the court has certain duties that are strictly construed. The court shall then determine whether the defendant is represented by counsel. If the defendant is indigent and desires counsel, the trial court shall appoint counsel. And then there are strict duties upon counsel under 604D and what they have to put in the certificate and all that sort of thing. This is a case that is on a motion to reconsider sentence. Same thing as the same procedures for motion to withdraw guilty plea. When this case came into court, the court did not inquire whether Mr. Greenwood won counsel. The court simply said, are you going to represent yourself? Mr. Greenwood said yes. And I have a case in my reply brief that talks about that. It says that's not enough. You can't just say, are you going to represent yourself? You have to ask, do you desire counsel? The court asked, I think, three different times, but it was always the same question. The case I rely on in my reply brief and in the brief also, People v. Thomas, indicates it's people versus Thomas and the state's main case that they rely upon, People v. Young, illustrate the difference in procedures. People v. Young, the case the state uses, was a post-trial motion. People v. Thomas, the case we rely upon, is a post-plea motion. Now, the state in its brief pushes those things together and says it's a proceeding, it's late in the proceedings.  In Young, the defendant had an attorney all the time, attorney David Allemeyer. And the judge wanted to know, do you want Allemeyer or do you want to represent yourself? In our case, it is a post-plea proceeding where the defendant does not have counsel. Now, the court knew how to appoint counsel. The first attorney in this, Stacy Hollow, the court said at the initial guilty plea, and I'm appointing you for an additional 30 days in case he wants to move to withdraw this guilty plea. And then there was a motion to withdraw the guilty plea and further proceedings. With the attorney at the time of the sentencing, Jack Evans, the court did not appoint Jack Evans for another 30 days in case Mr. Greenwood wanted to do something else. So Mr. Evans was off the case. Now, Mr. Greenwood sent a letter to the court saying, I contacted Evans and I asked him to file a motion to reconsider sentence for me, and he didn't do it. He's complaining about Evans. But he never said that he wanted to represent himself. I believe that letter shows he wanted counsel. What in the letter makes you believe he wanted counsel? Because he asked Evans to file the motion for him. And it was only when Evans didn't do that that he filed it for himself. He first tried to get Evans to do it. I see. But then going on to Rule 401A, the court didn't appoint counsel for him, didn't ask, what do you want to do? Do you want to represent yourself? Do you want me to appoint counsel? And then did not ask the 401 questions, do you know you have a right to counsel and everything like that. But that is the distinction between a post-trial motion and a post-plea motion. The post-plea motion, the judge does have to ask those questions. I cited a case about that in my reply brief. I don't remember which one. But it's in my reply brief, and it's pretty clear. Carl? Pardon me? Is that the Carl case? I believe it is. Thank you very much, Your Honor. Your Honor, really, there's nothing else for me to add. I think 604D takes care of this case. He should have asked, do you want an attorney? He didn't. And then because it was a post-plea case, he should have complied with 401A, and he didn't. This needs to go back for the post-plea proceedings. Thank you, Your Honor. Thank you, Mr. Berg. I want the opportunity for all of you. So desired. Ms. Atkins. May it please the Court, Counsel. My name is Whitney Atkins, and I represent the State of Illinois. Rule 401A is inapplicable to defendants who have been convicted and sentenced. So when the trial court below did not admonish the defendant of the information in Rule 401A, there was no violation of that rule. It doesn't apply if there's a lack of sophistication. That's a question, right? Right. And you say that here the defendant was sophisticated. How do we analyze that? Well, it wasn't just that the defendant was sophisticated. The defendant was knowing, and there was no evidence that he had been admonished of the information in Rule 401A, and there was no evidence that that information had been eliminated from his mind. And there was a case that I believe the defendant cited that stated that that defendant in that case did need to be admonished later in his proceedings of Rule 401A. But the defendant there, the… Is that the Thomas case? Yes, it is. The court in that case found that the defendant was at a low functioning level. The defendant had been shot in the head. The defendant had brain damage. The defendant had difficulty remembering basic biographical information, and the author of the report concluded that he may be functionally illiterate. He never completed high school or obtained a GED. That's what I was referring to when I mentioned that the defendant here is not of low intellect, and there is no reason to believe that he was not knowing. In fact, the record establishes that he was very well aware of the information in Rule 401A. So getting to what 401A requires, it requires that the court shall permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first addressing the defendant personally in open court, informing him of and determining that he understands the following, the nature of his charge, the minimum and maximum sentence, and that he has the right to counsel. So if you look at the plain language of Rule 401A, it clearly limits admonishment to those who have been accused and punishable. This means that those who have been convicted, someone who has been convicted is no longer an accused of an offense. They have been found to be guilty of committing the offense. They need not be given the Rule 401A admonishments. And not only is this the most logical meaning, or the most logical, yes, the most plain meaning of the rule, it's the most logical because the information that the rule seeks to inform the defendant of is information that a convicted defendant would know. It's his charge. By the time he's convicted, he knows his charge. He's been sentenced. He knows his sentence. And he's been through the process, so he knows that he's entitled to a defendant. And People v. Young interpreted Rule 401A to be inapplicable to defendants who have been convicted and sentenced. It held that Rule 401A does not express an intent to require a court to comply with the rule when the defendant discharges his attorney of his attorney late in the proceedings, such as here after trial. It noted that the defendant who has been represented by an attorney for a period of time is more likely to understand the workings of the system than a defendant who just appeared in court. So just to address what the defense counsel just said, he tries to distinguish Young in that Young, the defendant, was not admonished after trial. But Young, it applies. It's finding that Rule 401A in my sense do not need to be given to those who have been convicted and sentenced, whether it's after a plea or it's after a trial. Because Young says that a defendant who has been convicted and sentenced already knows the information in Rule 401A. And it uses the language, it's not applicable to defendants who discharge an attorney late in the proceedings after trial. It isn't just limited to post-trial. It applies it to post-plea as well. And even if this court does not endorse the view that Rule 401A is inapplicable to post-trial proceedings, this court should still find that the trial court substantially complied with the admonishments in 401A. And substantial compliance is sufficient to achieve a valid waiver if the record indicates that the waiver was knowing and intelligently made. And here it was. Like I had just mentioned, the defendant received the information in Rule 401A through 402A admonishments, which are tantamount to 401A admonishments. And there is no evidence to suggest that this information was eliminated from the defendant's mind. In fact, there's all the evidence to support that the defendant was very much aware of this information. In numerous letters that the defendant wrote to the court, he correctly recants his sentence and his charge in his pro se motion for reduction of sentence. He again presents his charge, his sentence. And additionally, the defendant actually showed up to his hearing on his motion to reduce his sentence with his attorney. And his attorney spoke up and said he wants to represent himself. The court asked him, did he want to represent himself several times, and he said yes. The defendant clearly understood that he had the right to representation of counsel. It's clear from the record that this was a knowledgeable defendant who was aware of this information. And so the trial court substantially complied with the Rule 401A admonishments. Finally, there was no Rule 604D violation that occurred here either. Rule 604D governs the right to appointment of counsel for appeal. It mandates that the trial court shall determine whether the defendant is represented by counsel and if he is indignant. And if he desires counsel, the trial court shall appoint counsel. Here, defendant didn't desire counsel. He explicitly said he wanted to represent himself. Further, 604D does not require the court to appoint counsel where the defendant knowingly, intelligently waived his right to counsel. And that is what occurred here for the reasons that I have just mentioned. He was aware of the information in 401A. Yes, he was aware of the information in 401A. He knew he had a right to attorney. He appeared with his attorney, and he wanted to represent himself. So accordingly, Your Honors, the state asks that this court affirm the judgment below. Thank you, Ms. Hatch. Do we have any more thought on this? Just one thing, Your Honor. I think the opposing counsel might have made a mistake about what's in the record. I believe when they showed up for the motion to reconsider sentence, Mr. Evans, all he said was, he has filed a complaint against me. Now, this is on page 475 of the record, and maybe I'm wrong, but I believe that he does not say, and he wants to represent himself. He just says he's filed a complaint against me. The judge says, Mr. Greenwood, are you going to represent yourself? Are there any questions, Your Honor? I don't think so. Thank you both for your arguments and briefs. This meeting will take some time to recess until 1 o'clock.